# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY A. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-666 JAR |
| | ) | |
| H & R BLOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Appointment of Counsel. (Doc. No. 4) After review of the record in this matter, the Court declines to appoint counsel to Petitioner at this time. There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the petitioner has presented nonfrivolous allegations supporting his or her prayer for relief; (2) whether the petitioner will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the petitioner's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. After considering these factors, the Court finds the facts and legal issues involved in this employment discrimination action are not so complicated that the appointment of counsel is warranted at this time. As such, Petitioner's motion for appointment of counsel will be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel [4] is **DENIED** without prejudice.

Dated this 18th day of July, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**