UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY A. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-666-JAR |
| | ) | |
| H & R BLOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Beverly Franklin, proceeding *pro se*, brings this employment discrimination action against Defendants HRB Resources, LLC ("HRB")[1], William Cobb, Jason Mann, Shelley Hotchkiss, Kelli Brown, Carlyn Webber, Mary Ingram, and Nicko Kemp[2], alleging they terminated her employment and violated Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act (Employment Discrimination Complaint ("Compl."), Doc. No. 1).[3] HRB moves to dismiss Plaintiff's complaint and compel arbitration (Doc. No. 17). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted in part.

---

[1] In her Complaint, Plaintiff identified her former employer as "H & R Block"; however, under the terms of her Employment Agreement, Plaintiff was in fact employed by HRB Resources, LLC (Doc. No. 18 at 1 n.1).

[2] Because none of these individuals have been properly served, they are not parties to this action. In any event, there is no individual liability under Title VII, the ADEA, the ADA, or the Rehabilitation Act. See Baldwin v. Owens, No. 4:14CV1662 RWS, 2014 WL 5090820, at *2 (E.D. Mo. Oct. 9, 2014); Unterreiner v. US Bank, No. 4:12CV393, 2012 WL 5258828, at *4 (E.D. Mo. Oct. 23, 2012).

[3] Plaintiff subsequently filed a "Memorandum Notice of Amended Appeal of Diversity of Disparate Treatment" purporting to amend her complaint to add a claim of disparate treatment based on disability and age (Doc. No. 5). She alleges no additional facts in this Notice.

1

**Background**

HRB hired Plaintiff as a seasonal tax professional on September 26, 2015 (Declaration of Mary Waldo; ("Waldo Decl."), Doc. No. 18-1 at ¶ 4). HRB alleges, and Plaintiff does not dispute, that as part of the hiring process, HRB and Plaintiff entered into a Tax Professional Employment Agreement ("Employment Agreement") which included a Mutual Arbitration Agreement ("Arbitration Agreement") governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. (Doc. No. 18-1, Ex. A-1) In the agreement, Plaintiff agreed that all Covered Claims would "be resolved by final and binding arbitration … whether initiated by Associate or the Company" and that "**[a]ll Covered Claims will be decided by an arbitrator through individual arbitration and not by way of court or jury trial**." (Id. at ¶ 17(a)) (emphasis in the original).

"Covered Claims" includes "any and all past, present, and future claims or disputes between Associate and the Company," including "claims and disputes arising out of or in any way relating to [Plaintiff's] hiring … employment … or the termination thereof." (Id. at ¶ 17(b)). Specific examples of Covered Claims include: "Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") ... the Americans With Disabilities Act ("ADA") ... and any and all other federal, state, or local constitutional, statutory, regulatory, or common law claims or causes of action now or hereafter recognized." Id.

Plaintiff acknowledged she had the right to opt out of the Arbitration Agreement, if she wished, by providing written notice to HRB within thirty days of signing the Arbitration Agreement, see id. at ¶ 17(h), but never informed HRB of her desire to opt out (Waldo Decl. at ¶ 6). Plaintiff electronically signed the Employment Agreement, which contained the Arbitration Agreement, on September 26, 2015 (Waldo Decl. at ¶¶ 4, 5).

In the instant motion, HRB argues that the Arbitration Agreement constitutes a valid and enforceable contract under Missouri law,[4] and explicitly covers Plaintiff's discrimination claims. HRB further argues the Agreement is supported by consideration, and that Plaintiff had the opportunity to opt out of the Agreement, but did not do so. Thus, Plaintiff's dispute should be should be arbitrated.

On August 24, 2016, Plaintiff filed a motion to strike Defendants' motion and proceed with her complaint (Doc. No. 21). On September 13, 2016, Plaintiff filed a Motion to Proceed with Jury Trial and Motion to Strike Defendants' Motion to Proceed with Arbitration (Doc. No. 23). The Court construed Plaintiff's motions to strike as her response to Defendants' motion and granted her ten days to supplement her response with any additional information for the Court's consideration (Doc. No. 24). On September 23, 2016, Plaintiff filed a "Motion to Dismiss Defendants' Motion to Dismiss and Compel Arbitration and Motion to Proceed with Plaintiff's Motion with Jury Trial (Amendment) ("Supplement") (Doc. No. 25). In her Supplement, Plaintiff presents no argument regarding the validity of the Arbitration Agreement. In opposing HRB's motion, Plaintiff contends that HRB had "many opportunities to offer [her] arbitration and is now trying to force arbitration" (Doc. No. 25 at 7). Similarly, in her previously filed Motion to Proceed, Plaintiff asserts HRB did not offer her arbitration before sending a letter terminating her employment (Doc. No. 23 at 2). Plaintiff also attaches a list of four cases she claims were litigated by HRB, apparently suggesting that HRB waived its right to arbitration. (Id. at 3; Doc. No. 32-1 at 6)

---

[4] HRB notes that its Arbitration Agreement has been recognized as a valid and enforceable arbitration agreement by courts throughout the country, citing Perera v. H & R Block E. Enterprises, Inc., 914 F. Supp.2d 1284, 1290 (S.D. Fla. 2012) and Domunique D. Grice v. H & R Block Corp., et al., Sup. Ct. MA, Suff. Dist., No. 14-0680 (July 28, 2014) (Doc. No. 18 at 3).

HRB replies that nothing in the Arbitration Agreement requires it to offer Plaintiff arbitration; rather, the Arbitration Agreement requires the party initiating a covered claim do so in arbitration. (Doc. No. 26 at 2) As for Plaintiff's list of cases, there is no indication that these cases were filed by employees with arbitration agreements or even involved employment-related disputes. (Id. at 3)

**Discussion**

"The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., "establishes a liberal federal policy favoring arbitration agreements." Torres v. Simpatico, Inc., 781 F.3d 963, 968 (8th Cir. 2015) (quoting AT & T Mobility LLC v. Concepcion, 563 U.S. 333 (2011)); see also Iappini v. Silverleaf Resorts, Inc., 116 F. Supp. 3d 932, 936 (E.D. Mo. 2015). A district court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005). In assessing whether a dispute is subject to arbitration, this Court is required to determine whether the parties have entered a valid agreement to arbitrate and, if so, whether the dispute falls within the scope the agreement." MedCam, 414 F.3d at 974; see also Torres, 781 F.3d at 968-69.

State contract law governs whether the arbitration agreement is valid. Torres, 781 F.3d at 968-69; see also Keymer v. Mgmt. Recruiters Intern., Inc., 169 F.3d 501, 504 (8th Cir. 1999). Missouri recognizes that the basic elements of a contract are offer, acceptance, and consideration. Citibank (South Dakota), N.A. v. Wilson, 160 S.W.3d 810, 813 (Mo. Ct. App. 2005). Mutuality of agreement, or a "meeting of the minds" between the parties regarding the essential terms of the contract, is required. Ketcherside v. McLane, 118 S.W.3d 631, 635 (Mo. Ct. App. 2003). To determine whether there has been a meeting of the minds, courts look to the parties' intentions, as expressed by their words or acts. Smith v. Hammons, 63 S.W.3d 320, 325 (Mo. Ct. App. 2002).

In this case, the plain language of the Agreement establishes the necessary contractual elements. First, HRB extended a valid offer to arbitrate to Plaintiff. The Agreement identifies the parties to the Agreement, the scope of the Agreement, id. at ¶ 17(b)-(c)), and the procedures to be used for the arbitration, id. at ¶ 17(f)). It also identifies the available remedies, costs each party must bear, and procedure for opting out of the Arbitration Agreement (id. at ¶ 17 (g)-(h)). Finally, the Arbitration Agreement states:

> **By checking the sign and submit button, you are indicating your agreement to the above terms and conditions, including but not limited to the Arbitration Agreement and Class and Representative Action Waiver in Section 17. THIS EMPLOYMENT AGREEMENT CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES. Checking the button will serve as your electronic signature. Once you have checked that button, a signature date will display in this document, below.**

(Id. at 9) (emphasis in the original).

Next, Plaintiff accepted HRB's offer to arbitrate their employment-related disputes by signing the Arbitration Agreement on September 26, 2015. See Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 682 (8th Cir. 2001) (finding plaintiff demonstrated her intent to arbitrate employment disputes by signing agreement). Moreover, Plaintiff did not avail herself of the right to opt out of arbitration by providing written notice to HRB within thirty days of signing the Agreement.

Lastly, HRB and Plaintiff mutually agreed to waive their rights to pursue Covered Claims in court and arbitrate their employment-related disputes. Missouri courts recognize that consideration for arbitration agreements is established where parties mutually agree to waive their rights to a trial and submit their disputes to arbitration. See Baker v. Bristol Care, Inc., 450 S.W.3d 770, 774 (Mo. 2014). Additional consideration can be found in HRB's promise to pay "all arbitration filing fees, forum fees, and fees of the arbitrator." (Id. at ¶ 17(g)).

In addition, there is no dispute that Plaintiff's claims "arise out of" or "relate to" her employment, or the termination thereof, including claims under Title VII, the ADEA and the ADA (id. at ¶ 17(b)). Accordingly, the Court determines that the Arbitration Agreement is valid and enforceable, and the claims Plaintiff raises against HRB are within the scope of the arbitration provisions. The Court will, therefore, compel arbitration and stay this case until the parties complete arbitration as called for in the Employment Agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant HRB Resources, LLC's Motion to Dismiss and Compel Arbitration [17] is **GRANTED** in part to the extent it requests this Court compel arbitration. The Motion to Dismiss Plaintiff's Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** and the Court shall retain jurisdiction pending arbitration of Plaintiff's claims. Defendant HRB Resources, LLC shall submit a notice to the Court within ten (10) days of the conclusion of arbitration. If not concluded by **May 29, 2017**, Defendant HRB Resources, LLC must on that date file a report updating the Court on the status of the case.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this case.

Dated this 2nd day of December, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**