# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY A. FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-00666 JAR |
| | ) |
| H & R BLOCK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant HRB Resources, LLC's Application to Confirm Arbitration Award. (Doc. No. 32)

**Background**

Plaintiff Beverly Franklin brought this action for employment discrimination against Defendant HRB Resources, LLC ("HRB"),[1] William Cobb, Jason Mann, Shelley Hotchkiss, Kelli Brown, Carlyn Webber, Mary Ingram, and Nicko Kemp, alleging she was terminated in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act (Employment Discrimination Complaint ("Compl."), Doc. No. 1). On December 2, 2016, the Court compelled arbitration and stayed the case until the parties completed arbitration as called for in the employment agreement. (Doc. No. 27)

On April 12, 2017, Arbitrator Robert D. Litz issued an Order dismissing all defendants, other than HRB. (Doc. NO. 32-2) On September 8, 2017, HRB moved for summary judgment on

---

[1] In her Complaint, Plaintiff identified her former employer as "H & R Block"; however, under the terms of her Employment Agreement, Plaintiff was in fact employed by HRB Resources, LLC.

Plaintiff's claims. On September 30, 2017, Plaintiff opposed HRB's motion for summary judgment and filed her own cross-motion for summary judgment. On October 17, 2017, the parties appeared before the Arbitrator for oral argument on the cross-motions for summary judgment. On October 24, 2017, Arbitrator Litz issued the Arbitration Award, granting HRB's Motion for Summary Judgment and denying Plaintiff's cross-motion for summary judgment. (Doc. No. 32-1) On December 18, 2017, HRB moved to confirm the final arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9, 13.

**Discussion**

"The FAA embodies a national policy favoring arbitration; contains a narrow set of statutory grounds to vacate, modify, or correct an award; and supplies enforcement mechanisms for these types of actions." Infinity Fulfillment Grp., LLC v. Cenveo Corp., No. 4:14CV966 SNLJ, 2015 WL 3823166, at *6 (E.D. Mo. June 19, 2015) (citing Hall Street Associates v. Mattel, 552 U.S. 576, 581-582 (2008)). To that end, section 9 of the FAA provides that any party may apply, within one year after an arbitration award is made, to the district court for an entry of judgment confirming the award. 9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if the award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." McClelland v. Azrilyan, 31 F. Supp. 2d 707, 713 (W.D. Mo. 1998) (quoting Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986)). "Section 9 of the FAA provides that federal courts must grant an order confirming an arbitration award unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. Congress did not authorize de novo review of such an award on its merits; it commanded that when the exceptions do not apply, a federal court has no choice but to confirm."

UHC Mgmt. Co. v. Computer Scis. Corp., 148 F.3d 992, 997 (8th Cir. 1998) (internal quotation marks omitted).

Either party may file a motion to vacate, modify or correct an arbitration award. 9 U.S.C. § 12. However, such motion must be filed within 90 days of the initial arbitration award. Id.; Domino Group, Inc. v. Charlie Parker Memorial Foundation, 985 F.2d 417, 419 (8th Cir. 1993). Failure to do so waives any defenses to confirmation of the arbitration award. Id. at 419-20 ("Failure to file a motion to vacate, modify, or correct within three months ... waived any defenses to confirmation that might be asserted in a timely motion to vacate.").

Plaintiff has not filed a motion to vacate or modify the award, and the time for doing so expired on January 22, 2018. Given her uncontroverted failure to timely move to vacate the arbitration award under the FAA, Plaintiff is precluded from asserting any defenses to confirmation of the award in a summary proceeding such as this. See, e.g., Norton v. AMISUB St. Joseph Hospital, 155 F.3d 1040, 1041 (8th Cir. 1998) (plaintiff waived her right to argue that arbitration agreement was an unenforceable contract of adhesion because she failed to file a timely motion to vacate award); Med. Shoppe Int'l, Inc. v. Asong, No. 4:05MC499CDP, 2006 WL 83491, at *2 (E.D. Mo. Jan. 12, 2006). The Court will, therefore, grant HRB's motion and confirm the arbitration award.

Accordingly,

**IT IS HEREBY ORDERED** that the **STAY** entered in this matter on December 2, 2016 is **LIFTED.**

**IT IS FURTHER ORDERED** that Defendant HRB Resources, LLC's Application to Confirm Arbitration Award [32] is **GRANTED.**

A separate Judgment will accompany this Memorandum and Order.

Dated this 23rd day of March, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**